IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT LEE SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-10-102-JHP-SPS |
| ) | |
| JOHNNY TADLOCK, MCCURTAIN COUNTY ) | |
| SHERIFF, ) | |
| ) | |
| Defendant. ) | |

## **DEFENDANT'S MOTION TO DISMISS AND BRIEF IN SUPPORT**

Defendant Johnny Tadlock, McCurtain County Sheriff (hereinafter "Defendant") files this Motion to Dismiss based upon Plaintiff's failure to prosecute this action and for Plaintiff's failure to comply with the Orders of this Court. In support of this Motion, Defendant submits the following.

## **INTRODUCTION**

Plaintiff originally filed his Civil Rights Complaint on March 22, 2010, alleging violations of his Constitutional Rights by Defendant Johnny Tadlock, McCurtain County Sheriff. (Doc. No. 1.) Defendant's Answer to Plaintiff's Civil Rights Complaint was timely filed on June 8, 2010. (Doc. Nos. 13.)

As more fully set forth in Defendant's Motion to Compel (Doc. No. 20), Plaintiff has failed to respond to Defendant's First Set of Requests for Production of Documents, First Set of Interrogatories, and First Requests for Admissions. Defendant filed a Motion to Compel which this Court granted on April 22, 2011. (Doc. No. 23.) In that order, the Court directed Plaintiff to resond to Defendant's First Request for Production of Documents and First Set of Interrogatories within fourteen (14) days. Plaintiff was cautioned his failure to

respond or to show cause for his failure to respond would result in the dismissal of this action. In spite of this order, Plaintiff has failed to respond to Defendant's discovery requests or to show cause as directed by this Court.

## PLAINTIFF HAS FAILED TO PROSECUTE HIS CASE AND TO COMPLY WITH THIS COURT'S ORDERS

A district court has the discretion to Order the dismissal of a Plaintiff's case for failure to prosecute the action or for failure to obey an order to provide or permit discovery. *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002); *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). In determining whether dismissal is appropriate, there are several factors that should be considered; (1) the degree of actual prejudice to the opposing party, (2) the degree of interference with the judicial process, (3) the litigant's culpability, (4) whether the litigant was warned in advance that dismissal was a likely sanction, and (5) whether a lesser sanction would be effective. *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002) (citing *Ehrenhaus,* 965 F.2d at 921.) It must be noted, these factors do not constitute a rigid test. *Ehrenhaus,* 965 F.2d at 921. They merely represent criteria for a district court to consider.

In the present matter, Plaintiff has simply stopped participating in this action and has wholly ignored the Orders of this Court. Specifically, Plaintiff has failed to respond to Defendant's First Set of Interrogatories or First Request for Production of Documents, even though he was cautioned by the Court that such failure would result in the dismissal of this action.

WHEREFORE, based on the above and foregoing, Defendant respectfully requests this Court enter an Order dismissing this action based on Plaintiffs failure to prosecute this action and failure to follow the Orders of this Court.

    Respectfully submitted,

    s/Eric D. Cotton
    Eric D. Cotton,  OBA No. 20658
    COLLINS, ZORN & WAGNER, P.C.
    429 N.E. 50th Street, Second Floor
    Oklahoma City, OK  73105-1815
    Telephone:  (405) 524-2070
    Facsimile:   (405) 524-2078
    Email: eric@czwglaw.com

    ATTORNEY FOR DEFENDANT

## CERTIFICATE OF MAILING

I hereby certify that on May 27, 2011, I served the above and foregoing document by U.S. certified mail, postage prepaid, to the following who are not members of the E.C.F. system:

Robert Lee Smith
2411 N. 31st Street
Ft. Smith, AR 72904

    s/Eric D. Cotton
    Eric D. Cotton

3