IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT LEE SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-10-102-JHP-SPS |
| | ) |
| JOHNNY TADLOCK, | ) |
| MCCURTAIN COUNTY SHERIFF, | ) |
| | ) |
| Defendant. | ) |

## **OPINION AND ORDER**

This matter comes on for consideration of Defendant's Motion to Dismiss for Lack of Prosecution and for failure to comply with the Orders of this Court [Docket # 24] filed on May 27, 2011. Plaintiff filed this civil rights complaint, pursuant to 42 U.S.C. § 1983, on March 22, 2010 [Docket # 1]. Plaintiff's Complaint alleges he was denied "dental care and proper medical care;" was subjected to "cruel and unsanitary jail conditions;" and was denied "access to law library or it's legal material" while incarcerated in the Muskogee County Jail, in Muskogee, Oklahoma.

At the time of filing of this action, Plaintiff was incarcerated in the Howard County Jail in Nashville, Arkansas. On May 27, 2010, this Court received a change of address notice which indicated plaintiff was in Fort Smith, Arkansas [Docket # 10]. On June 8, 2010, the defendant filed an Answer [Docket # 13]. Thereafter, on March 15, 2011, the defendant filed a motion to compel plaintiff to respond to defendant's discovery requests [Docket # 20]. On the same day, the Court directed the plaintiff to show cause in writing within twenty (20)

days why the defendant's motion to compel should not be granted [Docket # 21].  On April 22, 2011, the defendant filed a motion to deem the motion to compel confessed [Docket # 22] due to plaintiff's failure to respond to the motion to compel as directed by this Court.  At that time, the Court granted the defendant's motion to compel for failure to show cause and held that defendant's requests for admission were deemed admitted [Docket # 23].  Additionally, the plaintiff was directed to respond to the defendant's first request for production of documents and first set of interrogatories within fourteen (14) days.  Plaintiff was advised that failure to answer the discovery requests as directed, or to show cause for his failure to respond as directed, would result in dismissal of this action, pursuant to Fed.R.Civ.P. 37.  *Id*.  Thereafter, on May 27, 2011, the defendant filed the instant motion to dismiss for failure to prosecute and for failure to comply with the Orders of this Court [Docket # 24].  On June 16, 2011, the Court again directed plaintiff to show cause within fourteen (14) days why the defendant's motion to dismiss should not be granted [Docket # 25].  Plaintiff was again advised that failure to show cause as directed would result in dismissal of this action.  *Id*.

A district court may dismiss an action under Rule 41(b) only after considering whether certain factors support a dismissal.  These factors, set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), include "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."  *Mobley v. McCormick*,

40 F.3d 337, 340 (10th Cir. 1994) (quotation and alteration omitted) (applying *Ehrenhaus* factors to dismissal under Rule 41 (b)).

Here, the Court finds Plaintiff has ceased to prosecute his case. Plaintiff failed to respond to Defendant Tadlock's Requests for Admission. Further, Plaintiff did not completely respond to Defendant Tadlock's Interrogatories or respond to his Requests for Production of Documents. Thus, the defendant has been prejudiced by his inability to complete discovery and prepare for trial.

This Court finds Plaintiff's failure to comply with Defendant's discovery requests and his failure to prosecute this action has prejudiced the judicial system by the lack of any meaningful advancement in the case and by the time the court has spent attempting to compel discovery responses and/or responses to pending motions from him. Finally, the Court finds that sanctions less than dismissal would be ineffective, because Plaintiff refuses to comply with the court's orders in this case.

**ACCORDINGLY**, this action is, in all respects, DISMISSED for failure to prosecute, pursuant to Fed.R.Civ.P. 41(b). Further, the defendant's Motion to Deem Motion to Dismiss Confessed [Docket # 26] is denied as moot.

**IT IS SO ORDERED** this  9th   day of September, 2011.

*/s/ James H. Payne*
James H. Payne
United States District Judge
Eastern District of Oklahoma